NO. 83-68

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

AUSTIN BAILEY & LOIS E. BAILEY,

Plaintiffs and Appellants,

-vs-

GREGORY FRANCIS LILLY AND BONITA
KATHRYN LILLY,

Defendants and Respondents.

FILED

JUL 7 - 1983

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

Bolinger & Conover, Bozeman, Montana

For Respondents:

Scully & Lilly, Bozeman, Montana

Submitted on Briefs: June 2, 1983

Decided: July 7, 1983

Filed: JUL 7 1983

Ethel M. Harrison
_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Baileys brought this action to accelerate the balance of the purchase price on a contract between themselves and the Lillys for real estate located in West Yellowstone, Montana. After a trial in the District Court of the Eighteenth Judicial District, Gallatin County, the District Court entered findings of fact, conclusions of law and ordered judgment be entered in favor of Lillys. Baileys appeal.

On November 21, 1975, Baileys as sellers, and Lillys as buyers, entered into a contract for the sale of real property located in West Yellowstone. Lillys agreed to pay Baileys $40,500 for the purchase of the property to be paid by a down payment of $12,000, a lump sum payment of $1,000 on January 2, 1976, and the balance of $27,500 together with interest at the rate of 8 percent per annum for a period of ten years on a monthly basis. Payments were to be made by Lillys into an escrow account at First Security Bank in West Yellowstone, and the escrow agent was to then deliver payment to Baileys. As of the date of trial all payments were current.

The contract contained the following provision:

> "This Agreement shall apply to and bind the heirs, executors, administrators, successors and assigns of the parties hereto, subject to the provision that second parties shall not assign their interest in said property or this contract without the written consent of the parties."

In August 1980, Bonnie Lilly wrote to Baileys as follows:

> "Greg and I have decided to move from West Yellowstone and to put the house up for sale. We are trying to get the financing of the house in perspective and would like to know if you would consider carrying a qualified buyer under our original contract with you."

Lois Bailey responded to Bonnie Lilly's request as follows:

> "Yes, we would carry a qualified buyer on the original contract or, if you prefer, the lending institution. Would like to see you before any plans are finalized."

Lillys placed the property for sale in August 1980. The pro-

perty was listed with a real estate agent and advertised. In June 1981, Lillys executed an earnest money receipt and agreement for sale and purchase with Edward M. and Loralee Hiramoto governing the West Yellowstone property. The sale of the property was to close July 1, 1981.

After execution of the agreement Greg Lilly contacted Baileys at their home and requested their consent to the sale of the real estate. Baileys refused to consent to the sale unless Lillys paid off the original contract in full.

In mid-July 1981, real estate agent John Costello contacted Baileys to assure them the Hiramotos were financially sound. Baileys still refused to consent to the sale unless the balance of the contract was paid in full. In late July 1981, Lillys and the Hiramotos executed a contract for sale of real estate. All matters concerning the contract were back-dated to July 1, 1981, pursuant to the earnest money receipt and agreement to purchase.

The original contract between Baileys and Lillys required Lillys to maintain fire insurance on the premises with Baileys named as loss payees. After Lillys executed the earnest money agreement with Hiramotos, they cancelled the existing fire insurance policy and purchased a new policy naming the Hiramotos as insureds. Due to an error, Baileys were not named on the new policy as insureds for a fourteen-day period. When the error was discovered it was corrected and the insurance policy was given retroactive effect as of July 1, 1981.

After the sale by Lillys to the Hiramotos, all payments made by Hiramotos were placed in a second escrow account at First Security Bank of West Yellowstone and money was disbursed to the Lillys and Baileys' escrow account. On August 13, 1981, Baileys notified Lillys they considered them to have defaulted on their contract with Baileys and demanded acceleration of all payments. Baileys sent a second notice of default on September 9, 1981. On November 13, 1981, Baileys filed a complaint in District Court alleging Lillys defaulted on their contract by allowing the fire

insurance to lapse and by selling their interest in the contract without Baileys written consent. The original complaint asked that the contract be terminated and Baileys be granted immediate possession of the property. On July 26, 1982, Baileys filed a motion to amend their complaint to replace their demand for immediate possession with a demand for acceleration of the balance of the purchase price of the property.

Prior to trial, Baileys continued to accept the payments from the escrow account for Lilly's obligation under the contract. After trial the District Court entered findings of fact and conclusions of law on September 23, 1982. The District Court held Lillys did not breach their agreement with Baileys and any right of Baileys to demand acceleration of the balance due was waived as Baileys accepted Lillys payments under the terms of the contract up until the date of trial. The District Court entered judgment in favor of Lillys on November 22, 1982. Baileys appeal.

Baileys raise four issues on appeal. We find one issue to be dispositive; whether the District Court erred in holding Baileys' acceptance of payments under their contract with Lillys constitutes a waiver of any default on the part of Lillys.

Baileys rely on a decision of the Oregon Supreme Court. In Carrigg v. Fackrell (1980), 44 Or.App. 413, 606 P.2d 636, that Court held acceptance of four monthly installment payments after a balloon payment was due under the contract did not estop sellers from contending payment of the balance was still due. The Oregon Supreme Court held the payments made after the date the balloon payment was due constituted a partial accord and satisfaction as to the part of the balance which was made by the four payments.

However, Carrigg involves a totally different fact situation from the present case. Here, we are not dealing with acceptance of monthly payments after a required balloon payment was not made. Baileys accepted monthly payments under the contract after

they had given Lillys notice of default. Such acceptance constitutes a waiver of their right to sue for acceleration of the existing balance. This Court held in Shultz v. Campbell (1966), 147 Mont. 439, 445, 413 P.2d 879, 883:

> "Although by its express terms time is made of the essence of a contract, and an option is reserved by the vendor to declare it terminated for failure to pay the purchase price at the date it falls due, or, if it is payable in installments, at the date that any one of the installments falls due, this provision may be waived by failure to exercise the option, or by accepting a payment after it is due. The vendor cannot thereafter allege such default as a ground for declaring the contract terminated."

In Shultz the seller alleged buyer defaulted by not properly keeping crop records and not delivering proportionate shares of government payment to seller. This Court upheld the District Court's ruling that seller had waived any right to declare default by continuing to accept the annual payments after the date of the alleged default. We find this holding to be consistent with the holding of the District Court that Baileys waived any right to declare a default by continuing to accept Lillys' monthly payments after the declaration of default.

Judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -