No. 85-390

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

LEONARD and BONNIE BOLES,

        Plaintiffs and Appellants,

   -vs-

VERA LER,

        Defendant and Respondent.

_____

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable R. C. McDonough, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lloyd E. Hartford, Billings, Montana

    For Respondent:

        Phil Carter; Koch, Carter & Anciaux, Sidney, Montana

_____

Submitted on Briefs: March 6, 1986

Decided: June 6, 1986

Filed: JUN 6 - 1986

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the contract purchasers of certain land located in Savage, Montana, from an order of the Richland County District Court granting summary judgment to the contract seller. The District Court held that the seller properly invoked the forfeiture provisions of the contract and consequently awarded her possession and ownership of the real property in question including the fixtures and personal property. In the alternative, the lower court allowed the purchasers 75 days to pay in full the balance due under the contract. From this judgment the purchasers appeal. We affirm.

The facts relevant to this appeal are basically undisputed by the parties. On September 22, 1978, Leonard Boles and Bonnie Boles ("Boles") and Melvin Ler and Vera Ler ("Ler") entered into a contract for the sale of real property (contract for deed) wherein the Boles purchased certain real property located in Savage, Montana, from the Lers. It should be noted that Melvin Ler is no longer a party to this action because he is deceased.

The Boles remained current on their monthly installment payments as called for under the contract through November of 1982. However, the December 1982 payment and the January and February 1983 payments were not paid on time as required by the contract. On February 8, 1983, the Boles paid to the escrow agent their monthly installment which was due on December 1, 1982. On or about February 11, 1983, the Boles paid to the escrow agent the monthly installment which was due on January 1, 1983. Finally, on or about February 16,

1983, the Boles paid to the escrow agent the monthly installment which was due on February 1, 1983.

On February 10, 1983, Ler, through her attorney of record, sent a notice of intention to cancel and determine the contract to the Boles at their home address. Ler thereafter reaffirmed her wish to cancel the contract by a letter dated February 24, 1983, sent to the Boles' attorney of record.

On or about April 13, 1983, Ler returned all of the delinquent checks to the Boles uncashed. On April 25, 1983, the Boles initiated this lawsuit by filing their complaint. The complaint sought in part an order entitling the Boles to carry out the terms of the contract and an order enjoining Ler from foreclosing on the contract. In August of 1983, Ler filed her motion for summary judgment and the Boles filed their cross-motion for summary judgment. In October of 1983, the District Court entered its findings of fact, conclusions of law, and judgment wherein it ordered the Boles to either pay the accelerated unpaid purchase price of the real property plus interest, or, in the alternative, to return possession of the real property to Ler. The lower court also awarded Ler her reasonable attorney's fees and by an order dated February 17, 1984, determined this amount to be $240. From these rulings of the lower court denying their cross-motion for summary judgment and awarding Ler her attorney's fees, the Boles appealed to this Court.

By a decision dated November 14, 1984, this Court dismissed the Boles' appeal without prejudice and remanded the cause to the District Court for further proceedings. Boles v. Ler (Mont. 1984), 692 P.2d 1, 41 St.Rep. 2106. This Court held that the summary judgment entered against the

Boles was not final because the attorney's fees question actually still remained unanswered and because the Boles, if they desired to appeal before a final judgment on all the issues, were required to get the issue properly certified based upon Rule 54, M.R.Civ.P. The Boles failed to get the partial judgment certified, so the matter was not properly before this Court.

On November 27, 1984, Ler again filed her motion for summary judgment with the District Court. On June 27, 1985, the lower court entered its findings of fact, conclusions of law and judgment in favor of Ler awarding her possession and ownership of the real property in question, including the fixtures and personal property. In the alternative, the Boles were allowed 75 days to pay in full the accelerated balance due under the contract, including interest. The lower court also awarded Ler her attorney's fees in the sum of $450. From this judgment the Boles appeal and present the following issues for review by this Court:

1. Whether the District Court erred in granting Ler's motion for summary judgment.

      a. Whether the escrow agent was the agent for Ler and, if so, whether the agent's acceptance of the late payments constituted acceptance by the principal (Ler).

      b. Whether Ler's act of retention of the late payments remitted to her by the escrow agent resulted in a ratification of the agent's acceptance of the late payments by Ler.

The Boles' argument in this case essentially boils down to the assertion that Ler waived her right to cancel the contract because she "accepted" the late payments for January

and February 1983 after she had sent her notice of default to the Boles. As Ler correctly points out, the Boles rely on three specific arguments in their brief to support their theory that Ler waived her right to cancel the contract. These arguments are:

(1) Ler's failure to notify the escrow agent that the contract had been terminated; (2) The ratification by Ler of the escrow agent's acceptance of the late payments after the notice of default had been issued; (3) Ler's failure to promptly return the funds.

In her brief, Ler clearly and correctly rebuts these specific arguments raised by the Boles. First, with regard to the argument that Ler should have notified the escrow agent that the contract had been terminated, Ler contends that contacting the Boles directly by mail was the only proper action to take pursuant to the contract terms. Ler points out the terms of the contract only required that a notice of default be sent to the Boles in case of a contract forfeiture, which the Boles acknowledged receiving on February 11, 1983. Ler further points out she had absolutely no duty to notify the escrow agent that the contract had been terminated under the terms of the contract itself.

More important, Ler points out, the terms of the contract provided that should she issue a notice of default to the Boles, the Boles would then have 90 days to pay her the accelerated balance due under the contract. Ler argues that because the warranty deed and other documents were deposited with the escrow agent, and because all payments were to be made through the escrow agent, it was necessary for her to leave the escrow account open in case the Boles wanted to pay off the remaining balance on the contract. Ler asserts had she notified the escrow agent that the contract

had been terminated, as the Boles suggest, she would have prematurely closed the escrow account, thus denying the Boles the opportunity to pay off the contract within the 90 day period. We agree.

Next, with regard to the Boles' second and third arguments that Ler ratified the escrow agent's acts of accepting the late payments and that Ler failed to promptly return the payments, Ler once again directs this Court's attention to the contract language which allowed the Boles 90 days to pay off the accelerated balance owing under the contract. Ler points out the contract does not state that should the Boles choose to pay off the contract balance within the 90 day period that they must pay the entire amount in one installment. Rather, Ler argues, the Boles had 90 days to pay off the balance owed under the contract in as many or as few installments as they wished. Realizing this situation, Ler argues she decided the Boles must be intending, by their continuance to make payments after they had received their notice of default, to pay off the contract balance and that by sending the payments when they did, they were attempting to reduce the amount of principal and interest that would be due at the end of the 90 day period. Ler argues she was always aware that if she did in fact cash the late payments sent to her by the Boles, this action might be interpreted as a waiver on her part. Therefore, Ler argues she decided to hold the late checks without cashing them until such time as it became apparent that the Boles were either going to pay off the remaining contract balance or that they were making the late payments only for the purpose of inducing her into waiving her right to cancel the contract. When it became apparent that the latter was the

- 6 -

Boles' true motive, Ler argues she returned the uncashed checks to the Boles immediately.

Ler further points out that the Boles, by continuing to make monthly payments after they had received their notice of default, were intentionally putting her in a "catch-22" situation. Ler argues if she had returned the late checks immediately, the Boles would have argued that she was not allowing them time to pay off the contract balance as they had a right to do under the contract. Further, Ler argues if she did not immediately return the late checks (as she did in this case), the Boles would then argue she had waived her right to cancel the contract. We agree with Ler that what the Boles failed to prove in establishing that Ler "accepted" the late payments, and thereby waived her right to cancel the contract, is that she "intended" to retain these payments.

The Boles correctly point this Court's attention to the recent case of Bailey v. Lilly (Mont. 1983), 667 P.2d 933, 40 St.Rep. 1079, to help resolve this matter. The Boles also correctly state that the Bailey decision stands for the proposition that where a seller (i.e. Ler) continues to accept monthly payments under a contract for deed after she has sent the purchaser (i.e. Boles) a notice of default, such acceptance constitutes a waiver by the seller of any right to cancel the contract. As the Court in Bailey succinctly stated:

> [B]aileys (sellers) waived any right to declare a default (of the contract) by continuing to accept Lillys' (purchasers) monthly payments after the declaration of default.

Bailey, 667 P.2d at 935.

In light of this general rule, the Boles recognize the cruicial issue in the present case is whether Ler "accepted"

their late payments thereby precluding her right to declare the contract in default.

We hold with regard to the still valid rule expressed in Bailey above, the critical inquiry is whether the seller (i.e. Ler) charged with having "accepted" late payments actually "intended" to retain those payments. For example, in the Bailey case, involving a situation analogous to the present case, it was clear that the sellers (Baileys) had the intention to retain the late payments submitted to them by the purchasers (Lillies) because the money from these payments was never returned to the Lilly family. Clearly this is not the situation in the present case. In the present case, Ler did not have the intention of retaining the late payments submitted to her by the Boles. This is evidenced by several actions performed by Ler. First, and most important, Ler returned all of the late checks submitted to her by the Boles on April 13, 1983, uncashed. This Court believes, as did the District Court, that Ler obviously did not want to waive her right to cancel the contract because she did not cash these late payments. It appears Ler retained the late payments until it became evident that the Boles did not intend to pay off the contract balance within 90 days.

The second act evidencing Ler's true intentions was that she, through her attorney of record, sent a letter to the Boles on February 24, 1983, reaffirming her desire to cancel the contract and also rejecting the Boles' offer to reinstate the contract. This letter also notified the Boles that Ler either wanted the accelerated contract balance paid in full or the subject property returned to her.

In light of the above discussion, it is clear that Ler did not intend to waive her right to cancel the contract with the Boles. Therefore, the general rule expressed in the Bailey decision is not applicable to the present case.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices