No. 82-456

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

LYLE BURGETT,

Plaintiff and Appellant,

-vs-

PATRICK FLAHERTY,

Defendant and Respondent.

---

Appeal from:   District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Brad L. Belke, Butte, Montana

For Respondent:

Cresap S. McCracken, Great Falls, Montana

---

Submitted on Briefs:  February 17, 1983

Decided:  May 19, 1983

Filed:  MAY 19 1983

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

The First Judicial District Court entered summary judgment in favor of Patrick Flaherty in a legal malpractice action brought by Lyle Burgett. Burgett appeals.

Burgett contends the District Court erred in concluding his claim for relief was barred by the statute of limitations and the doctrine of collateral estoppel.

The collateral estoppel issue need not be reached as the factual allegation to which it applied, malpractice based on entry of an "illegal" dissolution decree, is properly barred by Section 27-2-206, MCA. However, because the record reveals a triable issue of fact as to when Burgett knew about the allegedly unauthorized detention of his guns by Flaherty or their loss as a result of Flaherty's alleged negligence, we vacate the summary judgment order and remand this cause for a determination of the accrual date of Burgett's claim(s) for relief.

The allegations out of which this cause of action arose regard Flaherty's representation of Burgett in a dissolution proceeding. Burgett employed Flaherty after he was served with dissolution papers on August 15, 1978. At that time Burgett was in Warm Springs State Hospital awaiting mental evaluation for a pending criminal proceeding. On August 23, 1978 Flaherty appeared on Burgett's behalf before the Fifth Judicial District Court in a show cause hearing. According to court minutes, Flaherty told the court Burgett did not contest the dissolution but would contest property and child support issues. After hearing testimony from Deanne Burgett, the District Court granted dissolution of the marriage.

On October 11, 1978, the district court judge signed and filed a decree of dissolution back dated to August 23, 1978; jurisdiction over property and child support issues was retained by the court.

On January 3, 1979, the parties and their respective counsel, Flaherty and Russell A. LaVigne, met regarding property and child support matters. The meeting produced a property and child support agreement which was entered into by the parties on January 26, 1979. The agreement provided, in part, that five guns owned by Burgett would be placed in Flaherty's custody to be held "in trust" for a period of one year. The agreement further provided for appraisal of their properties in Whitehall and Butte and the eventual purchase of Burgett's equity therein by Deanne. On September 21, 1979, the District Court approved the agreement between the parties. Six months later the parties stipulated to sale of the Whitehall property. This was the last document whereon Flaherty's name appeared as counsel for Burgett. In subsequent proceedings to modify the dissolution decree, Brad Belke, counsel of record herein, represented Burgett.

The instant complaint, wherein Burgett claims damages for Flaherty's alleged failure to exercise due diligence and reasonable skill on behalf of his client during the rendition of his services in the dissolution matter, was filed on January 18, 1982. The malpractice action was premised on three acts, errors or omissions committed by Flaherty, including (1) that Flaherty stipulated to an "illegal" divorce decree on August 23, 1978, in violation of Section 40-4-105(3), MCA, and Burgett's express instructions to delay the dissolution proceeding pending his release from Warm Springs; (2) that Flaherty failed to return the five guns placed in his possession under the 1979 property settlement

3

agreement, even though two court orders had been entered directing him to do so; and (3) that Flaherty attempted to purchase Burgett's property, then valued in excess of $20,000.00, from him for $500.00 and his outstanding bill.

Flaherty answered, denying allegations of professional negligence, and asserted, inter alia, the affirmative defenses of statute of limitations, based on Sections 27-2-206, 207, 211, MCA, and collateral estoppel. The District Court granted summary judgment in favor of Flaherty after reviewing the pleadings, affidavits, answers to interrogatories, and admissions on record. The court concluded that Section 27-2-206, MCA, barred Burgett's asserted malpractice claim, Section 27-2-207, MCA, barred the claim for conversion of the guns, and Section 27-2-211, MCA, barred the punitive damage aspect of the malpractice claim. Additionally, the District Court concluded that Burgett's "notion of damages flowing from an illegal divorce in August, 1978" previously had been presented to but rejected by the district court judge who presided over the dissolution proceeding.

Section 27-2-206, MCA, provides, in pertinent part, that:

> "An action against an attorney . . . based upon the person's alleged professional negligent act or for error or omission in the person's practice must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last, but in no case may the action be commenced after 10 years from the date of the act, error, or omission."

Burgett argues that there is a genuine issue of fact as to when he discovered Flaherty's alleged acts of malpractice, therefore, it was improper to enter summary judgment based on Section 27-2-206, MCA. Burgett maintains that discovery of Flaherty's alleged acts, errors or omissions constituting

4

malpractice, did not occur until November, 1980, less than three years before the complaint was filed. Evidently that was when Burgett met with his present attorney and reviewed the circumstances of his case.

As a matter of law, what is critical in determining when a legal malpractice action accrues is knowledge of the facts essential to the cause of action, not knowledge of the legal theories upon which an action may be brought. McGee v. Weinberg (Cal. App. 1979) 97 Cal. App.3d 798, 159 Cal.Rptr. 86.

California's statute of limitations for legal malpractice is not identical to Section 27-2-206, MCA, but for the purpose of the discovery argument advanced by Burgett, its interpretation by the California Court of Appeals is persuasive.

> "The question here is whether appellant's alleged ignorance of her supposed rights against her former attorney is sufficient to toll the statute of limitations.
>
> "The statute of limitations is not tolled by belated discovery of legal theories, as distinguished from belated discovery of facts. In legal and medical malpractice cases, the courts are often confronted with such claims that the statute of limitations has been tolled. However, the Supreme Court repeatedly has explained that it is the knowledge of facts rather than discovery of legal theory, that is the test. The test is whether the plaintiff has information of circumstances sufficient to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his or her investigation. (Sanchez v. South Hoover Hospital, 18 Cal.3d 93, 101, 132 Cal.Rptr. 657, 553 P.2d 1129.) If the plaintiff believes that someone has done something wrong because of the damages suffered by her, such a fact is sufficient to alert a plaintiff 'to the necessity for investigation and pursuit of her remedies.' (Sanchez v. South Hoover Hospital, supra, 18 Cal.3d at p. 102, 132 Cal.Rptr. at p. 663, 553 P.2d at p. 1135.)"

McGee, supra, 97 Cal. App.3d at 803, 159 Cal.Rptr. at 89-90. (Emphasis in original.)

5

It was incumbent on Burgett to commence his legal malpractice action within 3 years after he discovered, or through use of reasonable diligence should have discovered, Flaherty's alleged professional negligent acts, errors or omissions. Because his claim for relief essentially is based on three separate acts which occurred during the course of Flaherty's representation of Burgett, each act must be addressed separately in terms of the date of its discovery. We note that Section 27-2-206, MCA does not suspend accrual until the "attorney-client" relationship has been terminated. Compare, Cal.Code.Civ.Pro. §340.6(a)(2).

I.  Entry of "Illegal" Dissolution Decree.

If Flaherty committed a professionally negligent act in "stipulating" to the entry of a dissolution decree within 20 days of service of process, that act occurred August 23, 1978.  Without dispute the record discloses that Burgett had actual knowledge of that act sometime during the fall of that year.  Burgett knew that his marriage had been dissolved, that the dissolution was granted during the August 23rd hearing at which Flaherty represented him, and that the dissolution was contrary to his wishes.  Thus, more than three years before the complaint was filed, Burgett had actual knowledge of sufficient facts to put him on inquiry that Flaherty may have committed a professionally negligent act.  For purposes of the summary judgment motion, any claim for damages based on the alleged "illegal" divorce decree expired prior to January 18, 1982; the precise date of accrual need not be determined because it is not a close question.

II.  Five Guns.

As to the second act of alleged malpractice, the unauthorized detention and/or loss of Burgett's guns by

Flaherty, the record discloses insufficient evidence to determine when such act(s) were committed or discovered. Flaherty admitted that he gave three guns to one person, a fourth he sold to another, and the fifth was stolen while in the possession of a third person. The only evidence of record regarding the date of any such acts or transactions is that, to the best of Flaherty's recollection, the theft occurred within "the first third of calendar year 1979." Burgett merely admits to placing the five guns in Flaherty's possession pursuant to the January, 1979, property settlement agreement.

Under Rule 56(c), M.R.Civ.P., summary judgment is only proper where the record discloses no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Reaves v. Reinbold (1980) ____Mont.____, 615 P.2d 896, 37 St.Rep. 1500. On the basis of the record before the District Court, Flaherty was not entitled to judgment as a matter of law. Facts material to determination of the statute of limitations issue are not contained in the record.

If Burgett's claim for relief is characterized as one for professional negligence, before the conclusion can be made that Section 27-2-206, MCA bars any recovery, the dates of the alleged acts, and their discovery, must be established.

If Burgett's claim is characterized as one for conversion, the date critical to application of Section 27-2-207, MCA, is when Burgett demanded return of the guns and Flaherty refused his demand. Where the defendant comes into the possession of property rightfully, the statute of limitations begins to run when the defendant refuses upon demand to return the property. Interstate Mfg. Co. v.

Interstate Products (1965) 146 Mont. 449, 408 P.2d 478, and cases cited therein.

III.  Attempt to Purchase Property.

If Flaherty committed any act of malpractice as a result of his alleged attempt to purchase Burgett's property, the record fails to disclose with specificity when it occurred. Absent a specific date in 1979, one cannot properly conclude that any claim for relief based on such allegation is foreclosed by Section 27-2-206, MCA.

The summary judgment is vacated and this cause is remanded to the District Court for further proceedings consistent with this opinion.

Justice

We concur:

John Conway Harrison

Daniel J. Shea

L.C. Gulbrandson.

Justices

8