No. 87-371

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

WALTER ADAM SCHWEITZER,
           Plaintiff and Counter-defendant,

     -vs-

ESTATE OF ANDREW C. HALKO,
           Defendant and Counter-Plaintiff,

---

ESTATE OF ANDREW C. HALKO,
           Third Party Plaintiff and Appellant
     -vs-

CLARKE M. DAWSON,
           Third Party Defendant and Respondent.

---

APPEAL FROM:  District Court of the Tenth Judicial District,
              In and for the County of Judith Basin,
              The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

     For Plaintiff and Counter-Defendant,
         Defendant and Counter-Plaintiff:
             Howard F. Strause, Great Falls, Montana

     For Third Party Plaintiff and Appellant,
         Third Party Defendant and Respondent:
             William Conklin, (Dawson), Great Falls, Montana
             Bradley Parrish, (Schweitzer), Lewistown, Montana

---

                    Submitted on Briefs: January 7, 1988

                    Decided:  March 25, 1988

Filed: MAR 2 5 1988

*Ethel M. Harrison*

---

                    Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


The Estate of Andrew Halko appeals from an order of the District Court, Tenth Judicial District, Judith Basin County, dismissing their claims against the defendant Clarke Dawson on the grounds that the applicable statute of limitations had run. We affirm.

The Halko estate presents two issues on appeal. They are:

1. Did the trial court err in granting summary judgment on the basis of the statute of limitations having run?

2. Did the trial court err in granting summary judgment on the basis of the in pari delicto doctrine?

Andrew and Mary Halko were an elderly couple with significant land holdings. In 1977, the Halkos executed reciprocal mutual Wills. The Wills devised a segment of the Halko's property to Mary's sister and niece, Genevieve Schultz and Emily Hastings. Each Will provided that the testator would not change the Will once the other spouse was deceased. Mary Halko died in 1980 and was survived by her husband, Andrew. At the time of Mary's death, neither of the mutual and reciprocal Wills had been revoked or modified. After Mary's death, Andrew became displeased with Mary's relatives and decided to disregard the Will and sell that segment of property which under the terms of the Will would pass to Schultz and Hastings.

Andrew sold the land to Walter Schweitzer, a neighboring farmer who had previously expressed an interest in purchasing the property. In October, 1980, Halko and Schweitzer entered into a lease agreement with an option to purchase. The agreement was a standard form document which Halko and

Schweitzer filled out without the benefit of legal assistance. The document entitled "Earnest Money Receipt" granted Schweitzer a 12 month lease on the property with an option to purchase. The evidence indicates both parties believed that the agreement which they entered into was not a binding contract.

After executing the document, Halko expressed a desire to have his attorney draw up "a legal contract" as he believed the document which he and Schweitzer had signed was "not binding enough." Schweitzer believed the "Earnest Money Receipt" agreement was a temporary agreement that would be finalized later.

Halko consulted Clarke Dawson, a Great Falls attorney regarding the sale of the property to Schweitzer. Dawson had already been retained by Halko to handle the probate of Mary Halko's estate. As such, Dawson had knowledge of the reciprocal Will including the devise of the property (which was the object of the sale) to Hastings and Schultz.

Dawson prepared an option agreement for Halko and Schweitzer which was executed in November, 1980. Subsequent to the execution of the option agreement, Halko requested Dawson to draft a new Will for him omitting the devises to Hastings and Schultz. Andrew Halko executed this Will in March, 1981.

In April, 1981, Hastings and Schultz filed suit against Halko claiming Halko breached a contract with his wife made for their benefit. The District Court enjoined Halko from selling or disposing of the land.

In October, 1981, Schweitzer attempted to exercise his option agreement with Halko. Halko refused as the temporary restraining order precluded any conveyance of the land which was the subject of the option agreement. Schweitzer sued Halko as a result of this breach.

The lawsuit brought by Hastings and Schultz was eventually settled in March, 1984. An order was entered by stipulation of parties concluding the action. The order provided that all Wills executed by Andrew Halko subsequent to 1977 were legally void, the order further provided that the disputed land would pass to Schultz and Hastings following Halko's death.

Halko died in July, 1984, and his estate succeeded him as the defendant in the suit initiated by Schweitzer.

In 1985, the Estate of Halko filed a third party complaint (which it later amended) against Clarke Dawson alleging malpractice, breach of contract, and breach of indemnity in this matter. Halko's estate contended that Dawson exposed Halko to liability either to Schweitzer or to Schultz and Hastings when he drafted the option agreement. The Estate further contends that Dawson committed malpractice in: drafting the March 9, 1981 Will and omitting the devise to Schultz and Hastings, and allowing Halko to exercise the revised Will.

Dawson moved for summary judgment claiming that the estate's claims were barred by the statute of limitations. The court received briefs from both parties as well as affidavits and other materials.

In June, 1987, the District Court filed an order granting the motion for summary judgment. The court held that the claims were barred by the statute of limitations finding, as a matter of law, that Andrew Halko had knowledge of Dawson's acts more than three years before the third party complaint was filed by his estate. In the alternative, the District Court found that Halko had been in pari delicto with Dawson, as to all matters at issue. The court held that Halko's estate is charged with Halko's knowledge and as such

the claims are barred on grounds of in pari delicto. From this order, plaintiffs appeal.

In pursuing a third party complaint against Dawson, the estate stands in the shoes of the decedent Halko. Section 27-1-501, MCA. As such, Halko's knowledge concerning the alleged malpractice on the part of Dawson is imputed to his estate.

As the District Court correctly noted all of the counts of the original and amended complaint, regardless of how they are described sound in legal malpractice. The specific statute of limitations for legal malpractice is § 37-2-206, MCA, which provides:

> 27-2-206. Actions for legal malpractice. An action against an attorney licensed to practice law in Montana or a paralegal assistant or a legal intern employed by an attorney based upon the person's alleged professional negligent act or for error or omission in the person's practice must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last, but in no case may the action be commenced after 10 years from the date of the act, error, or omission.

Recently, this Court construed § 27-2-206, MCA, in Schneider v. Leaphart (Mont. 1987), 743 P.2d 613, 616, 44 St.Rep. 1699, 1702, where we stated:

> . . . the Montana legal malpractice statute of limitations, § 27-2-206, MCA, only allows the tolling of the statute of limitations until such time as the attorney's negligent act is discovered or through the use of reasonable diligence should have been discovered. Burgett v. Flaherty (Mont. 1983), 663 P.2d 332, 334, 40 St.Rep. 748, 751. There is no statutory requirement that the legal malpractice statute of limitations be tolled until a party discovers his or her damages 27-2-206, MCA.

It is the knowledge of facts essential to the cause of action for legal malpractice, not knowledge of legal theories

- 5 -

upon which an action is based that determines when a cause of action for legal malpractice accrues. Burgett, 663 P.2d at 334, 40 St.Rep. at 751.

In the immediate case, the acts complained of were committed by Dawson considerably more than three years prior to the bringing of this action. Dawson drafted and had Halko execute a "formal" option agreement with Schweitzer on November 15, 1980. Clearly, Halko was cognizant of the facts constituting the alleged wrong as he was an active participant in those acts. For purposes of the summary judgment motion, any claim based on this allegedly wrongful act expired in November, 1983.

The second alleged wrongful act occurred when Dawson at Halko's request drafted the subsequent Will which Halko executed March 9, 1981, deleting the devises to Emily Hastings and Genevieve Schultz. Again, Halko almost certainly had knowledge of the facts that eventually gave rise to his estate's cause of action, at the very least he had sufficient information to allow him to discover the facts through the use of reasonable diligence. The very latest Halko became aware of Dawson's alleged act of malpractice in redrafting the Will was April 21, 1981, when Halko was sued as a result of this new Will by Hastings and Schultz. For the purposes of the summary judgment, any claim resulting from the allegedly wrongful act of redrafting Halko's Will expired long before Halko's estate brought the immediate action.

As we have found, the plaintiffs' action is barred by the statute of limitations (§ 27-2-206, MCA) we need not address the in pari delicto issue.

Affirmed.

John L. Sheehy
_____
Justice

We Concur:

- 6 -

_____
Chief Justice

_____

_____

_____

_____

_____
Justices