No. 88-171

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

WARREN A. McMILLAN,

        Plaintiff and Appellant,

-vs-

LANDOE, BROWN, PLANALP, KOMMERS
AND JOHNSTONE, P.C., and GENE I. BROWN,

        Defendants and Respondents.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Dale Cox, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Bruce E. Lee, Billings, Montana

    For Respondent:

        Worden, Thane & Haines; Sam M. Warren, Missoula,
        Montana

Submitted on Briefs: July 14, 1988

Decided: September 1, 1988

Filed: SEP 1 1988

*Ethel M. Harrison*

—————————————————————
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

The plaintiff, Warren A. McMillan, appeals the order of the Eighteenth Judicial District Court, Gallatin County, Montana, dismissing his action for legal malpractice against the defendants. The case was submitted to the District Court on a stipulation of facts and judgment was rendered in favor of defendant's motion for summary judgment. We affirm the judgment of the District Court.

The stipulated facts reveal the following:

On October 14, 1976, the plaintiff entered into a contract for deed for the purchase of real property from Hilda Peterson. The total purchase price was $130,000. Hilda Peterson borrowed $26,000 from George Stublar on October 21, 1977, to cure a delinquent debt. Stublar took a mortgage on the property denominated in plaintiff's contract for deed as security. When he had not received repayment from Hilda Peterson by June 18, 1981, Stublar filed suit charging her with nonpayment of the loan. The attorney for Stublar in that action was Gene Brown, a partner in the law firm of Landoe, Brown, Planalp, Kommers & Johnstone, P.C. Both Brown and the law firm are named defendants in this present action.

Brown obtained a judgment for Stublar on November 23, 1981 and immediately obtained a writ of execution from the Gallatin County Clerk of Court against Hilda Peterson in the amount of $38,993.86, including interest and costs. A sheriff's sale was held on December 1, 1981, at which Hilda Peterson's interest in the Peterson/McMillan contract for deed was sold. McMillan, who still owed Hilda Peterson $98,802 on the contract, purchased it at the sheriff's sale for $39,000.

2

In February, 1982, Hilda Peterson filed a declaratory judgment action against McMillan and the Montana Bank of Bozeman, N.A., the personal representative of Stublar's estate. The District Court dismissed as res judicata Hilda Peterson's attempt to set aside the earlier judgment and sheriff's sale. On her appeal to this Court, we noted a lack of an entry of default judgment on the Stublar claim, a lack of actual notice to Hilda Peterson of the sheriff's sale, and a discount of almost $60,000 on the contract. We reversed the summary judgment against Hilda Peterson and instructed the District Court to annul and vacate the sheriff's sale. Peterson v. Montana Bank of Bozeman, N.A. (Mont. 1984), 687 P.2d 673, 681, 41 St.Rep. 1575, 1584.

McMillan asserts in the present case that attorney Brown and the law firm "failed, through acts of commission and omission, to exercise due care in prosecuting the sheriff's sale and did not prosecute [the judgment] . . . in a proper and skillful manner." McMillan further asserts that he had a right to rely on attorney Brown's legal work, and that reliance cost him the benefit of the bargain struck at the sheriff's sale, interest on money borrowed to make the sheriff's sale purchase, and legal fees. The District Court granted summary judgment to attorney Brown and his law firm reasoning that Brown owed no professional duty of skill and care to one not a client and not intended as a primary beneficiary. The court also ruled that the action was barred by the three-year statute of limitations in § 27-2-206, MCA.

Although two issues are presented for our consideration, we find the statute of limitations issue controlling. Therefore, no discussion of the other issue is necessary. The issue before us is:

Did the District Court properly rule that the three-year limitation would not be tolled any later than

3

March 8, 1982, when counsel for McMillan appeared to defend against Hilda Peterson's complaint?

Section 27-2-206, MCA, sets a limitation for actions sounding in professional negligence against attorneys:

> An action against an attorney licensed to practice law in Montana or a paralegal assistant or a legal intern employed by an attorney based upon the person's alleged professional negligent act or for error or omission in the person's practice must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last, but in no case may the action be commenced after 10 years from the date of the act, error, or omission. (Emphasis added.)

In the present case, the District Court ruled that McMillan's complaint, filed November 7, 1986, was barred by the statute because McMillan's attorney appeared in court to defend against Hilda Peterson's request for declaratory relief on March 8, 1982, some four years and eight months earlier. McMillan appeals, claiming the statute was tolled until this Court decided Peterson, supra, on August 16, 1984, two years and three months before he filed his complaint.

McMillan argues that he suffered no injury until this Court decided Peterson, supra. Therefore, he asserts the statute cannot begin to run before August 16, 1984. However, Montana law is very clear and to the contrary. The statute begins to run on the date the plaintiff learned the facts, or through reasonable inquiry should have learned the facts, of the attorney's alleged negligent acts. Schweitzer v. Estate of Halko (Mont. 1988), 751 P.2d 1064, 1066-67, 45 St.Rep. 611, 614; Schneider v. Leaphart (Mont. 1987), 743 P.2d 613, 616, 44 St.Rep. 1699, 1702; Burgett v. Flaherty (1983), 204 Mont. 169, 173, 663 P.2d 332, 334. There is no provision

4

that the statute of limitations begins to run only after discovery of plaintiff's damages. <u>Schneider</u>, 743 P.2d at 616.

The facts complained of now, and which are alleged to be professional negligence, were known to McMillan and the attorney who represented him against Hilda Peterson's action on March 8, 1982. Those facts form the basis for his professional negligence complaint against attorney Brown. As such, McMillan had until March 8, 1985 to file his cause of action against attorney Brown and the law firm of Landoe, Brown, Planalp, Kommers & Johnstone, P.C. He failed to do this and his action is properly barred.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices