No. 89-514

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

LEONARD and BONNIE BOLES,
        Plaintiffs & Appellants,

    -vs-

RICHARD S. SIMONTON and McDONOUGH, COX
and SIMONTON, P.C., a Montana Corporation,
        Defendants & Respondents.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Lloyd E. Hartford, Billings, Montana

        For Respondent:

            Ira Eakin, Billings, Montana
            Herbert I. Pierce III, Billings, Montana
            Kelly Jean Beard, Billings, Montana

                    Submitted on Briefs:    February 9, 1990

                            Decided:    April 25, 1990

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This appeal arises from an order by the District Court, Thirteenth Judicial District, Yellowstone County, Montana, granting summary judgment in favor of defendants. Plaintiff appeals. We affirm.

The issues presented for our review are:

1. Whether the District Court erred in granting summary judgment in favor of defendants by concluding that the cause of action was time-barred.

2. Whether the District Court erred in granting summary judgment in favor of defendants by concluding that defendants owed no duty to the client in respect to certain alleged errors.

The Lers owned a service station and garage in a small town in eastern Montana. In 1978 they began negotiations to sell this business to Mr. and Ms. Boles. The parties agreed to a sale price of $65,000, to be paid over a term of ten years pursuant to a contract for deed. The parties agreed that an attorney should draft the contract. Attorney Richard Simonton was retained for this purpose. He testified by deposition that he represented both parties. Each party paid half of the fees.

On September 22, 1978, the parties met in the offices of Richard Simonton and signed the contract for deed. The contract signed by the parties contained a default clause, which provided:

> And in case of the failure of said Parties of the Second
> Part to make either of the payments, or interest thereon
> or any part thereof or perform any of the covenants on

2

their part hereby made and entered into, then at the election of the First Parties, the whole of said payments and interest provided for herein, shall become immediately due and payable and this Contract shall at the option of said First Parties be forfeited and determined by giving to said Second Parties ninety (90) days notice in writing of the intention of the First Parties to cancel and determine this Contract, setting forth in said notice the amount due on said Contract and the time and place when and where payment can be made by said Second Parties.

IT IS MUTUALLY UNDERSTOOD AND AGREED by and between the Parties to this Contact that ninety (90) days is a reasonable and sufficient notice to be given to said Second Parties in case of failure to perform any of the covenants on their part hereby made and entered into, and shall be sufficient to cancel all obligations hereunto on the part of the said First Parties and fully re-invest them with all right, title and interest hereby agreed to be conveyed, and the Parties of the Second Part shall forfeit all payments made by them on this Contract and any right, title and interest in all buildings, fences or other improvements whatsoever, and such payments and improvements shall be retained by the said Parties of the First Part, in full satisfaction and as a reasonable rental for the property above described and in liquidation of all damages by them sustained and they shall have the right to re-enter and take possession of the premises aforesaid. IT IS FURTHER AGREED that the Parties of the First Part in addition to all remedies set forth herein, shall have all other remedies available to them at law and in equity.

The Boles began having difficulty making the monthly payment, which was in the amount of $624. The Boles missed payments due on the first day of December 1982, January 1983, and February 1983. On February 10, 1983, Ms. Ler sent the Boles a "Notice of Intent to Cancel and Determine Contract." This notice stated that the Boles had failed to make the payments due on January 1, 1983 and February 1, 1983. It declared that the entire balance of

3

approximately $37,600 was accelerated and due within 90 days.

On April 25, 1983, the Boles filed a court action seeking to enjoin Ms. Ler from accelerating the balance due under the contract. The District Court granted summary judgment in favor of Ms. Ler. That order was appealed to this Court and affirmed. Boles v. Ler (1986), 222 Mont. 28, 719 P.2d 793. Ms. Ler eventually repossessed the property.

In January 1986, the Boles filed suit against Mr. Richard Simonton, alleging negligence in drafting the contract for deed. They alleged the contract should have contained a "saving clause" providing a grace period allowing the Boles ninety days to make up any late monthly payments, prior to acceleration of the balance due under the default clause. By deposition Mr. and Ms. Boles state that the Lers agreed that Boles should have ninety days to make up late payments. However, Ms. Ler states by deposition that she did not remember any such agreement.

The complaint also alleged damage from Boles' inability to obtain a loan to pay the accelerated balance due because of an error in the legal description of the property in the contract for deed. In August 1986 the Boles amended the complaint to include an allegation that Mr. Simonton failed to ensure that a preliminary title report was obtained. The Boles amended their complaint a second time, in September 1987, to include the law firm of McDonough, Cox and Simonton.

The defendants made various motions to the District Court,

4

including a motion to dismiss because the statute of limitations had run. These motions were supported with memorandum, depositions and affidavits. The District Court, in considering matters outside the pleadings, treated the motions as a motion for summary judgment pursuant to Rule 12(b), M.R.Civ.P. The District Court concluded that as to the alleged negligence in the drafting of the contract for deed and the alleged omission of the saving clause, the dispositive issue was when the cause of action for attorney malpractice began to run. The court determined the cause of action accrued when the contract was signed. The contract was signed in September 1978, and the present action was not filed until January of 1986, over seven years later. The court granted summary judgment in favor of defendants, concluding that the suit was time-barred. As to the issues involving the error in the legal description of the property, and the preparation of a preliminary title report, the court concluded that Mr. Simonton was only hired to draft the contact for deed; thus he owed the Boles no duty in respect to these alleged errors. The Boles urge that the District Court erred in granting summary judgment.

I

Whether the District Court erred in granting summary judgment in favor of defendants by concluding that the cause of action was time-barred.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file,

5

together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Lorash v. Epstein (Mont. 1989), 767 P.2d 1335, 1337, 46 St.Rep. 151, 153. Summary judgment is an appropriate means of disposing of claims barred by the statute of limitations. Mobley v. Hall (1983), 202 Mont. 227, 657 P.2d 604; Brabender v. Kit Manuf. Co. (1977), 174 Mont. 63, 568 P.2d 547.

As the District Court noted, and we agree, the alleged negligence in drafting the contract is based on a theory of attorney malpractice. The dispositive issue in the present case is when the statute of limitations commenced to run.

In analyzing this issue, we note that traditionally the general rule has been that a cause of action for attorney malpractice accrues when the negligent act or breach occurs, not when it is discovered (the occurrence rule). 54 C.J.S. Limitations of Actions § 172 (1987). Other theories include: 1) the statute of limitations begins to run when the client has sustained injury or damage (the damage rule); 2) the statute begins to run when the negligent act is discovered or should have been discovered (the discovery rule). Annotation, "When Statute of Limitations Begins to Run upon Action Against Attorney for Malpractice" 32 ALR 4th 260 § 2 (1984).

Montana has statutorily adopted the discovery rule, stated in § 27-2-206, MCA, which provides:

6

Actions for legal malpractice. An action against an attorney licensed to practice law in Montana or a paralegal assistant or a legal intern employed by an attorney based upon the person's alleged professional negligent act or for error or omission in the person's practice must be commenced within 3 years after he plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last, but in no case may the action be commenced after 10 years from the date of the act, error, or omission.

The District Court concluded that the cause of action accrued when the contract was signed because Boles read the contract at that time; thus they knew or through the use of reasonable diligence should have discovered the omission at that time. Because this occurred more than three years prior to suit being filed, the suit was time-barred.

We interpreted the above mentioned statute in Burgett v. Flaherty (1983), 204 Mont. 169, 173, 663 P.2d 332, 334, stating:

As a matter of law, what is critical in determining when a legal malpractice action accrues is knowledge of the facts essential to the cause of action, not knowledge of the legal theories upon which an action may be brought.

In Burgett the attorney had stipulated to the entry of a dissolution decree within twenty days of service of process and contrary to client's wishes. Noting that the client had knowledge of these facts, triggering the statute of limitations, we affirmed summary judgment as to that alleged negligent act.

In four recent cases, this Court again affirmed summary judgment in favor of the attorney on the basis that the statute had run. In Schneider v. Leaphart (1987), 228 Mont. 483, 743 P.2d 613,

7

the client became aware of the attorney's alleged negligence in including a maintenance provision in a property settlement when an accountant told him the provision was unnecessary; it was the discovery of this fact that triggered the statute, not the later discovery that he was damaged. In Peschel v. Jones (Mont. 1988), 760 P.2d 51, 45 St.Rep. 1244, the client alleged negligence in the attorney's handling of negotiations regarding financial difficulties. However, the client's knowledge of facts giving rise to this claim had triggered the statute and the suit was time-barred. In McMillan v. Landoe, Brown, et al., P.C. (Mont. 1988), 760 P.2d 758, 45 St.Rep. 1662, the District Court concluded that the cause of action against an attorney accrued when the client who purchased property at a sheriff's sale was informed of a suit against him by a debtor challenging the validity of the sale.

Similarly, in Schweitzer v. Estate of Halko (Mont. 1988), 751 P.2d 1064, 45 St.Rep. 611, we affirmed summary judgment in favor of the attorney where the client knew of and participated in the attorney's alleged negligent drafting of a new will containing an option agreement on real estate. Summary judgment in that case was granted both on the basis that the suit was time-barred and because the client was in pari delicto with the attorney.

In the present case, the Boles state they did not have actual knowledge of facts essential to the cause of action, that is, they did not know that the contract did not in fact contain the saving clause. Thus the issue is whether they should have discovered the

8

omission at the time they signed the contract, or stated differently, whether they should be held to have had constructive knowledge of the omission at the time of signing.

By deposition all parties acknowledge that they read the contract before signing it. Mr. Boles states that he did not understand the contract. However, none of the parties recall asking questions or requesting clarification of any part of the contract. In Mr. Simonton's deposition he states that he does not remember explaining the contract in detail.

We conclude that the Boles should have discovered that the contract for deed did not contain the saving clause at the time they signed the contract. The default clause, as here drafted, is not complex or beyond the understanding of a lay person. The absence of a saving clause could have been discovered by the Boles through the use of reasonable diligence. The record discloses that the Boles read the contract before signing and did not ask for any explanations. Although they now claim they did not understand the contract, and that they believed it contained the desired clause when they signed it, we conclude that in the present case, the Boles must be charged with knowledge of what they signed. The plain language of the contract was clear and not technical, and the omission of the saving clause could have been discovered by the Boles by the use of reasonable diligence.

The Nebraska Supreme Court faced a similar issue in Interholzinger v. Estate of Dent (Neb. 1983), 333 N.W.2d 895.

Although the attorney, in selling the client's business, was to exclude a certain piece of private land, he neglected to do so. The clients, a father and son, both signed a listing agreement which included the private land among the assets of the business. The son, although capable of reading the agreement, did not do so. The Nebraska court applied the relevant statute of limitations which provided that an action for attorney malpractice commenced when the negligent act occurred; however, commencement was deferred if the cause of action was not discovered and could not reasonably have been discovered within the limitations period. In applying this rule the court concluded that the son, who had not read the agreement, was "charged with knowledge of its contents[.]" Interholzinger, 333 N.W.2d at 899. See also Nichols v. Ach (Neb. 1989), 447 N.W.2d 220.

The Boles contend that the statute of limitations did not begin to run until they realized they had been damaged by the alleged professional negligence. They contend it was not until they received the notice from Ms. Ler in February 1983 of her intent to cancel and determine the contract, that they realized the contract did not contain the saving clause. However, the rule that the statute is not triggered until the client is damaged has been expressly rejected in Montana, as in conflict with the statute. Schneider, 743 P.2d at 616. Moreover, our previous discussion forecloses any argument that the notice from Ms. Ler should be the point of discovery.

10

We affirm the District Court's granting of summary judgment in favor of defendants on the basis that the suit was time-barred.

II

Whether the District Court erred in granting summary judgment by concluding that defendants owed no duty to the client in respect to certain alleged errors.

The District Court granted summary judgment in favor of defendants in respect to the alleged error in the legal description and the alleged negligence in failing to ensure that a preliminary title report was prepared. The court determined that the Boles had failed to establish that Mr. Simonton was retained for any purpose other than the drafting of the contract for deed. Thus he owed no duty to the Boles in regard to other matters.

The Boles contend that Mr. Simonton continued his legal representation of them subsequent to drafting the contract for deed, noting that Mr. Simonton sent a letter Mr. Ler advising him to place the Abstract of Title in the escrow account. They contend Mr. Simonton had a duty to ensure this was done.

"In any professional negligence action, the plaintiff must prove that the professional owed him a duty[.]" Carlson v. Morton (1987), 229 Mont. 234, 238, 745 P.2d 1133, 1136. Absent a finding that Mr. Simonton was retained for services other than preparing the contract, the attorney had no duty to monitor the activities of his client. Lorash, 767 P.2d at 1338. We agree with the District Court that Boles have failed to present facts

11

demonstrating that Mr. Simonton continued to represent the Boles subsequent to drafting the contract. Further, Montana has not recognized the "continuous representation" theory. <u>Schneider</u>, 743 P.2d at 616. We conclude that the District Court was correct in determining there were no genuine issues of material fact in respect to the extent of Mr. Simonton's legal representation and that he owed no duty to the Boles in respect to these alleged errors.

We affirm the District Court's granting of summary judgment in favor of defendants.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
Judge Roy Rodeghiero sitting
for Justice R.C. McDonough

12

Justice William E. Hunt, Sr., dissenting:

I dissent. A lawyer is more than a scrivener. He is a professional and a counselor upon whose advice a client, whether skilled in the law or not, should be able to depend. If the client must know as much as the lawyer in order to oversee the lawyer's work and discover his errors, then the lawyer is nothing more than a scrivener.

When a client, patient, taxpayer or builder comes to rely upon a professional for services or advice he most often cannot discover that a negligent act has occurred until damages arise. I do not believe that the plaintiffs here were required to know that the legal jargon cited by the majority did not constitute a savings clause. In both paragraphs cited by the majority, the words "ninety (90) days" were used. When they read those paragraphs, the plaintiffs, who were lay persons, could reasonably have believed that they had a period of grace in which they could remit any late payments.

Plaintiffs could not reasonably have discovered the omission in the contract until the damages occurred, that is, when they lost their property. They should have an opportunity to present their case to the jury.

_____
Justice

13