No.   92-550

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

DENIS ROUANE and PAUL ROUANE,

　　　　Plaintiffs and Appellants,

　　v.

THOMAS J. LYNAUGH,

　　　　Defendant and Respondent.

APPEAL FROM:　District Court of the Thirteenth Judicial District,
　　　　　　　In and for the County of Yellowstone,
　　　　　　　The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　　Fredric A. Bremseth, Doshan, Lord & Bremseth,
　　　　　　　Wayzata, Minnesota  ; Gerald J. Neely, Billings,
　　　　　　　Montana

　　　　For Respondent:

　　　　　　　Sidney R. Thomas, Moulton, Bellingham, Longo &
　　　　　　　Mather, Billings, Montana

FILED

JUN 23 1993

Filed:

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:　April 22, 1993

Decided:　June 23, 1993

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from an order issued on May 19, 1992, by the Thirteenth Judicial District Court, Yellowstone County, granting summary judgment to Thomas J. Lynaugh, attorney admitted to practice in Montana. We affirm.

The only question on appeal is whether the District Court erred in granting summary judgment to Mr. Lynaugh based upon the running of the statute of limitation for filing a legal malpractice claim.

This case involves a claim for personal injuries resulting when an Eastern Airlines aircraft made a forced landing following takeoff in Miami, Florida. Denis Rouane and Paul Rouane, his father (the Rouanes) claim they suffered an injury in that accident.

On November 27, 1984, the Rouanes hired Mr. Lynaugh to handle the claim against Eastern Airlines. On October 30, 1986, Mr. Lynaugh filed a court action in United States District Court, Billings.

After negotiations with Eastern Airlines failed, Mr. Lynaugh advised the Rouanes that their claim should be venued in Florida and consulted with the law firm of Gaebe, Murphy & Mullen of Coral Gables, Florida. The action in Montana was stayed and Michael J. Murphy (Murphy) then filed suit against Eastern Airlines in Florida state district court on November 6, 1987.

On approximately November 30, 1987, Eastern Airlines filed its answer to the complaint alleging as an affirmative defense that the

accident was governed by the Warsaw Convention and, as a result the two-year statute of limitation barred the suit. Eastern Airlines contended that the statute of limitation barred recovery because the claim was not filed until four years after the accident.

On December 3, 1987, the Rouanes hired the law firm of Doshan, Lord & Bremseth of Minnesota. Mr. Lynaugh's services were terminated and several weeks later, Denis Rouane asked that the Rouane files be sent to the Bremseth law firm. At some point in April of 1988, the Rouanes were advised by the Murphy law firm in Florida that Eastern Airlines was asserting the affirmative defense of statute of limitation based on the Warsaw Convention governing international flights.

On May 30, 1988, Denis Rouane sent a letter of complaint concerning Mr. Lynaugh to the Montana Commission on Practice and specifically alluded to the statute of limitation problem:

> 3. Mr. Lynaugh may have blown the statute of limitations. He says that he filed within the three year statute but I have just recently learned that under a Warsaw agreement he may have had to file it within two years, which he failed to do. . . .

On October 3, 1988, the Florida state district court granted summary judgment to Eastern Airlines. On December 14, 1989, United States District Judge James F. Battin ordered the case of Rouane v. Eastern Airlines dismissed based upon Bremseth's concession that the case was barred by the applicable statute of limitation.

The Rouanes filed a suit against Mr. Lynaugh on June 4, 1991, in substance alleging his failure to comply with the statute of limitation prescribed by the Warsaw Convention to the action

3

against Eastern Airlines. Mr. Lynaugh filed a motion for summary judgment claiming the statute of limitation had run on filing a claim against him for attorney malpractice. Following a hearing on May 15, 1992, the District Court granted summary judgment to Mr. Lynaugh on May 19, 1992 as to Denis Rouane's claim. Denis Rouane (Mr. Rouane) appeals that order.

Did the District Court err in granting summary judgment to Mr. Lynaugh based upon the running of the statute of limitation for a legal malpractice claim?

Mr. Rouane argues that the Montana statute of limitation does not begin to run until the Florida court determined that the statute of limitation on the underlying action under the Warsaw Convention had run. According to Mr. Rouane, it was not until this date in 1988 that he sustained damage. Mr. Rouane contends that this is a case of first impression in Montana.

Mr. Lynaugh argues that this Court has already decided the issue of when a statute of limitation for a legal malpractice action begins. Mr. Lynaugh contends that Mr. Rouane was required to file his lawsuit within three years of the discovery of his error. Section 27-2-206, MCA, provides:

> **Actions for legal malpractice.** An action against an attorney licensed to practice law in Montana or a paralegal assistant or a legal intern employed by an attorney based upon the person's alleged professional negligent act or for error or omission in the person's practice <u>must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission whichever occurs last</u>, but in no case may the action be commenced after 10 years from the date of the act, error, or omission. (Emphasis added.)

4

The legislature made § 27-2-206, MCA, a "discovery" type statute. The discovery which starts the statute of limitation running is the discovery of the attorney's error or omission. Burgett v. Flaherty (1983), 204 Mont. 169, 663 P.2d 332. Mr. Rouane argues what is considered to be the "damage rule" and includes discovery of the client's damage as part of the discovery prerequisite for a statute to begin running.

Arguments for the adoption of the "damage rule" have been made to this Court in the past. Schneider v. Leaphart (1987), 228 Mont. 483, 486-487, 743 P.2d 613, 616. These arguments have failed because of the clear wording of the statute created by our legislature. Peschel v. Jones (1988), 232 Mont. 516, 760 P.2d 51.

This statute states that the action must be commenced within three years after the plaintiff discovers the act, error or omission. Mr. Rouane had three years from discovery of the objectionable activity by Mr. Lynaugh to file a malpractice suit.

The complaint filed by the Rouanes with the Montana Commission on Practice is contained in the letter of May 30, 1988. That letter specifically points out that Mr. Lynaugh may have missed the Warsaw Convention statute of limitation.

Despite the May 30, 1988 letter to the Montana Commission on Practice, Mr. Rouane argues he did not have all the facts essential to his cause of action until the Florida court granted Eastern Airlines' motion for summary judgment on October 4, 1988. In Boles v. Simonton (1990), 242 Mont. 394, 791 P.2d 755, this Court concluded that the statute of limitation is not triggered by the

5

damage aspect, stating:

> [T]he rule that the statute is not triggered until the client is damaged has been expressly rejected in Montana as in conflict with the statute.

Boles, 242 Mont. at 401, 791 P.2d at 759.

Mr. Rouane knew of the Warsaw Convention statute of limitation when he wrote to the Montana Commission on Practice on May 30, 1988. By that date Mr. Rouane had discovered that Mr. Lynaugh had missed the appropriate statute of limitation. Mr. Rouane did not file his complaint until June, 1991, more than three years from the date on which the record establishes knowledge of Mr. Lynaugh's omission. We conclude that Mr. Rouane failed to comply with the statute of limitation contained in § 27-2-206, MCA.

We hold that the District Court did not err in granting summary judgment to Mr. Lynaugh based upon the running of the statute of limitation for filing a legal malpractice claim.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

6

June 23, 1993

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Fredric A. Bremseth, Esq.
Doshan, Lord & Bremseth
810 E. Lake St.
Wayzata, MN  55391

Gerald J. Neely, Esq.
P.O. Box 21137
Billings, MT  59104

Sidney R. Thomas
Moulton, Bellingham, Longo & Mather
P.O. Box 2559
Billings, MT  59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy