MEMORANDUM **
1. As of January 11, 1997, the facts underlying Harkin’s malpractice claim had all occurred, and Harkin had “diseover[ed] or through the use of reasonable diligence should have discovered” those facts. Mt. Code Ann. § 27-2-206. Thus, the claim accrued and the statute of limitations began to run on that date, and, unless tolled, the statute expired on January 11, 2000. See Spolar v. Datsopoulos, 314 Mont. 364, 367-69, 66 P.3d 284 (2003).
Harkin’s claim is time-barred for two reasons. First, the tolling agreements entered into by Harkin and Best extended the statute of limitations until February 1, 2001. When Harkin filed suit, however, the malpractice claim was property of his bankruptcy estate. See In re Pace, 67 F.3d 187, 191 n. 7 (9th Cir.1995). Harkin thus had no authority to prosecute the claim until the bankruptcy trustee assigned it to him on December 28, 2001-nearly eleven months after the expiration of the statute as extended by the tolling agreements. Second, the effects of the tolling agreements were specifically limited to Harkin and Best and did not benefit the bankruptcy estate. Harkin was thus assigned an already expired claim.
2. In light of the need for debtors entering bankruptcy to fully disclose all assets, the district court didn’t abuse its discretion by finding Harkin judicially es-topped from bringing his claim. See Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 785 (9th Cir.2001). The district court also didn’t abuse its discretion by refusing to apply the unclean hands doctrine or equitable estoppel, as Harkin failed to produce evidence that Best prevented Harkin from learning of his alleged negligence. Schneider v. Leaphart, 228 Mont. 483, 488-89, 743 P.2d 613 (1987).
3. The district court did not err by awarding Best attorney’s fees and costs under 11 U.S.C. § 362(h). See Pace, 67 F.3d at 192-93.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.