JUSTICE WEBER
dissenting:
The majority has stated the following issue as dispositive: Do *474 genuine issues of material fact exist as to when the statute of limitations began to rim, making partial summary judgment inappropriate? I agree with that statement of the issue. In considering that issue I conclude there are no issues of material fact in this case, only issues of legal theory.
Section 27-2-206, MCA, provides in substance that an action against an attorney must be commenced within three years after the plaintiff discovers or should have discovered the act, error or omission. The majority opinion cites a number of Montana decisions and reaches a conclusion that the cases do not conform to the defendants’ interpretation of § 27-2-206, MCA. I disagree with that conclusion. The key legal statement of the pertinent Montana decisions is contained in Burgett v. Flaherty (1983), 204 Mont. 169, 173, 663 P.2d 332, 334. The majority opinion refers to Burgett but fails to conform to its holding. I think; it appropriate to cite more fully to Burgett in which this Court stated as follows:
“As a matter of law, what is critical in determining when a legal malpractice action accrues is knowledge of the facts essential to the cause of action, not knowledge of the legal theories upon which an action may be brought.
“California’s statute of limitations for legal malpractice is not identical to Section 27-2-206, MCA, but for the purpose of the discovery argument advanced by Burgett, its interpretation by the California Court of Appeals is persuasive.
“ ‘The question here is whether appellant’s alleged ignorance of her supposed rights against her former attorney is sufficient to toll the statute of limitations.
“ ‘The statute of limitations is not tolled by belated discovery of legal theories, as distinguished from belated discovery of facts. In legal and medical malpractice cases, the courts are often confronted with such claims that the statute of limitations has been tolled. However, the Supreme Court repeatedly has explained that it is the knowledge of facts rather than discovery of legal theory, that is the test. The test is whether the plaintiff has information of circumstances sufficient to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his or her investigation. (Sanchez v. South Hoover Hospital, 18 Cal.3d 93, 101, 132 Cal.Rptr. 657, 553 P.2d 1129.) ...’, (Emphasis in original.) (Citations omitted.)”
I emphasize that no Montana case has modified the Burgett holding as above stated. As a result I conclude that in Montana it is not *475 knowledge of legal theories which is significant. The only test is whether the plaintiff had knowledge of facts essential to the cause of action. I will now review the plaintiffs’ knowledge of facts essential to the plaintiffs’ cause of action.
To shorten this dissent, I discuss only the primary claim on the part of the plaintiffs, that being the claimed failure to pursue a defense of failure of consideration for the Vanguard creditor’s claim. I think it important to emphasize the extent of the factual knowledge on the part of the plaintiffs as set forth by the District Court in its careful review of the facts and of the law. Following are pertinent’ portions of the opinion of the District Court which has been reversed by the majority:
“Plaintiffs assert that Defendants advised that the Vanguard promissory notes would have to be paid because they had been signed by Craig Young, that there was no viable defense to the claim and that the law required that the claim be paid. Plaintiffs further claim that Defendants did not tell them of a defense of insufficient or no consideration for the notes as a basis for denial of the creditor’s claim
"... A careful review of the facts found herein, and Plaintiffs’ alternative motion for partial summary judgment for Defendants, now cause the Court to hold that all of the facts which constitute the acts, errors or omissions which are the basis of the alleged professional negligence relating to the settlement and payment of the Vanguard claim were discovered, or through the use of reasonable diligence should have been discovered by January, 1984.
“In addition, no other facts relating to the settlement of the Vanguard creditor’s claim have been discovered since January, 1984. All of the advice, misadvice or omission to advise Plaintiffs on that subject was concluded by Defendants by January 30, 1984.
“Again Plaintiffs argue that the statute of limitations on this issue did not commence until their consultation with present counsel in October of 1985 when they ‘discovered’ the alleged malpractice of Defendants. However, that is merely the date when the legal theory of Plaintiffs’ suit was discovered and, as in the first claim set forth above, no additional facts have been, or will be, discovered since September 14, 1984 relating to the Vanguard creditor’s claim settlement, and therefore Plaintiffs’ complaint relating to such issue is likewise barred by the statute of limitations. (Emphasis added.)”
The District Court concluded that there were no genuine issues of material fact, and therefore granted partial summary judgment to *476 the defendants on the theory that each claim was barred by the statute of limitations, § 27-2-206, MCA.
The majority points to the contention by the plaintiffs that they were not aware of the different legal positions which could have been taken until after receiving the IRS assessment notice in October, 1985, and thereafter talking to their present counsel. The majority then concludes that material issues of fact are present as to when the Youngs should have known that defendants were failing to take certain actions which the plaintiffs now claim constitute legal malpractice. I am unable to find any facts in the majority opinion which fit within that definition. The critical question is when the Youngs obtained knowledge of the essential facts, not when they obtained knowledge of their legal theories. As quoted in Burgett:
“In legal and medical malpractice cases, the courts are often confronted with such claims that the statute of limitations has been tolled. However, the Supreme Court repeatedly has explained that it is knowledge of facts rather than discovery of legal theory, that is the test.”
Burgett, 663 P.2d at 332.
Plaintiffs’ primary contention is that until they talked to another firm of attorneys, they did not know of the failure to advise them of the legal defense of lack of consideration. The plaintiffs’ contention has been rejected under Burgett and succeeding Montana cases. As pointed out by the District Court, all of the facts which were known at the time of the 1990 order were known to the plaintiffs in 1984. There are no additional facts which subsequently became known to the plaintiffs. I conclude that the majority has disregarded Burgett and subsequent Montana cases interpreting § 27-2-206, MCA.
I would affirm the determination by the District Court that the claims were barred by the statute of limitations.
CHIEF JUSTICE TURNAGE joins in the foregoing dissent of JUSTICE WEBER.